IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ALLEN WILKS,**

    **Plaintiff,**

v.                                      **Case No. 3:18-cv-01442**

**WESTERN REGIONAL JAIL AUTHORITY;
CAPTAIN ALDRAGE;
CAPTAIN SAVILLA; and
ANY C.O. THAT HAS WORKED IN A5 SECTION,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1, and that this action be removed from the docket of the court.

**I.**    **Relevant History**

On November 3, 2018, Plaintiff and 19 other individuals filed the complaint herein, alleging that they were exposed to inhumane and unsanitary conditions while

1

they were incarcerated at the Western Regional Jail. (ECF No. 2). The Court opened separate civil actions for each of the 20 plaintiffs. (ECF No. 1). In the instant matter, on November 28, 2018, the undersigned ordered Plaintiff to pay the $400.00 filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs within 30 days. (ECF No. 4). The undersigned advised Plaintiff that no action would take place on his complaint until he paid the filing fee, or submitted the *in forma pauperis* application and it was approved. (*Id.*). The undersigned also advised Plaintiff that his failure to pay the fee or submit the application would result in a recommendation that his complaint be dismissed. (*Id.*). Plaintiff received the Order, but did not comply with it.

On February 14, 2019, the undersigned again ordered Plaintiff to pay the filing fee or submit a completed *in forma pauperis* application, allowing him 14 days to do so. (ECF No. 5). The undersigned reiterated to Plaintiff that his failure to comply with the court's orders might result in a recommendation that his complaint be dismissed. (*Id.*). Plaintiff also received this Order, but failed to comply with it.

Accordingly, on April 16, 2019, the undersigned entered an Order to Show Cause, notifying Plaintiff that, in 30 days, the undersigned would recommend dismissal of this action for failure to prosecute unless Plaintiff submitted the filing fee, or an *in forma pauperis* application, as well as a showing of good cause as to why the case should be retained on the Court's docket. (ECF No. 6). On this occasion, the Order was returned to the Clerk as undeliverable. (ECF No. 7).

On May 1, 2019, the undersigned held a status conference in Case No. 3:18-cv-1401, styled *Matthew Allen Wilks v. John Sloan and the Western Regional Jail*. At the conference, the Court learned that Matthew Allen Wilks was incorrectly identified as

Allen Wilks in the instant action. Furthermore, Matthew Allen Wilks indicated that he no longer wished to pursue the instant action. Accordingly, he was advised to file a Motion with the Clerk asking to have the case voluntarily dismissed. An Order was subsequently sent to Plaintiff confirming the discussion at the status conference and again advising him to file a Motion for Voluntary Dismissal if he no longer wished to prosecute this case. (ECF No. 8). In the same Order, the Clerk was directed to send Plaintiff a copy of the previously-entered Show Cause Order, which the Clerk sent to Plaintiff on the same day as the Order. (*Id.*). This time, the Show Cause Order was not returned.

More than 80 days have passed since Plaintiff was provided with a copy of the Show Cause Order—and eight months have passed since the first Order directing Plaintiff to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. Plaintiff has failed to pay the filing fee for this civil action, submit a complete application to proceed *in forma pauperis*, or contact the Court regarding the Show Cause Order. Moreover, Plaintiff orally advised the Court at a status conference that he does not wish to pursue this civil action.

II. **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the

plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed.R.Civ.P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

Having considered each of these factors, the undersigned concludes that dismissal is warranted. A review of the docket indicates that Plaintiff received the first two Orders shortly after they were mailed, and received the Show Cause Order in May 2019 after the Clerk resent it; yet, he failed to abide by any of the directives. Moreover, since initiating the case in November 2018, Plaintiff has made no effort to check on the status of this case or contact the court regarding the orders that he received. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for eight months and, during that time, there has been no action by Plaintiff. Likewise, there has been ***no*** communication from Plaintiff pertinent to this case, except his oral statement at an unrelated status conference indicating that he did not wish to prosecute this lawsuit. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has now disregarded three court orders, including a show cause order, and expresses no desire to proceed, the proper course is dismissal. *See Ballard,* 882 F.2d at 95-96.

### III. Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, for failure to prosecute and for failure to comply with court orders, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

    The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

    **DATED**: August 1, 2019

Cheryl A. Eifert
United States Magistrate Judge